U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**



**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed July 19, 2007**                                                    **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| PERFORMANCE INTERCONNECT | § | CASE NO. 06-34482-BJH-7 |
| CORP. | § | |
| | § | |
| Debtor. | § | |

---

|  |  |  |
|---|---|---|
| GEHAN PROPERTIES II, LTD., | § | |
| | § | |
| | § | |
| Plaintiff, | § | ADV. CASE NO. 07-3100 |
| | § | |
| v. | § | |
| | § | |
| INTEGRATED PERFORMANCE | § | |
| SYSTEMS, INC. f/k/a ESPO, INC., PC | § | |
| DYNAMICS OF TEXAS, INC., NORTH | § | |
| TEXAS PC DYNAMICS, INC., W.I. | § | |
| TECHNOLOGY HOLDING, INC., | § | |
| PERFORMANCE INTERCONNECT | § | |
| CORP. OF NORTH TEXAS, INC., and | § | |
| D. RONALD ALLEN, individually, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are (i) a motion to remand filed by Gehan Properties II, Ltd. ("Gehan") (the "Remand Motion"), (ii) a joinder in the Remand Motion filed by Scott M. Seidel, the Chapter 7 trustee (the "Trustee") for Performance Interconnect Corporation ("PIC" or the "Debtor") (the "Trustee's Joinder"), and (iii) motions to strike the Remand Motion and the Trustee's Joinder filed by the defendants. The Court has jurisdiction over these matters in accordance with 28 U.S.C. §§ 1334 and 157(b). This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law.

## I.      Factual and Procedural Background

As relevant here, in September 2001, Gehan obtained a state court judgment against PIC from the 95th District Court of Dallas County, Texas, the Honorable Karen Gren Johnson presiding (the "State Court"). After appeals, an amended judgment against PIC was entered for $259,651.99, together with prejudgment and post-judgment interest and attorney's fees (the "State Court Judgment"). During the course of post-judgment collection activities, Gehan learned that PIC had no assets.

Thereafter, in November 2003, Gehan filed this lawsuit in the State Court against Integrated Performance Systems, Inc. f/k/a Espo, Inc., PC Dynamics of Texas, Inc., W.I. Technology Holding, Inc., Performance Interconnect Corp. of North Texas, Inc., and D. Ronald Allen ("Allen") (collectively, the "Defendants") and PIC, seeking to recover allegedly fraudulent transfers of PIC's assets to some or all of the Defendants under state law – i.e., the Texas Uniform Fraudulent Transfer Act, Chapter 24 of the Texas Business & Commerce Code (the "Fraudulent Transfer Suit"). The parties proceeded to prepare the Fraudulent Transfer Suit for trial. On October 16, 2006, Gehan

dismissed its claims against PIC and prepared to proceed to trial on its claims against the Defendants. The parties apparently announced "ready" for trial.

A few days later (on October 20, 2006), PIC filed its voluntary petition under Chapter 7 of the Bankruptcy Code, thereby commencing the underlying bankruptcy case (the "Bankruptcy Case"). The Trustee was appointed shortly thereafter. On October 27, 2006, a suggestion of bankruptcy was filed in the State Court and, on the same day, the State Court entered its "Order of Case Closing (Subject to Reinstatement)," which provided for the closing of the case without prejudice "until such time as this Court receives notice that the bankruptcy stay has been lifted or applicable law permits prosecution of this case to final disposition, at which time the Court, upon motion and hearing, shall order the case reinstated to its docket of active pending cases." Defendants' Sur-Reply to Gehan Properties II, Ltd.'s Reply to Defendants' Response and Objection to Motion to Remand (docket no. 27) (the "Defendants' Sur-Reply"), Exhibit A at p. 1.

On January 18, 2007, Allen removed the Fraudulent Transfer Suit to the United States District Court for the Northern District of Texas (the "District Court") in accordance with 28 U.S.C. § 1452(a). On February 16, 2007, the Remand Motion was filed, asserting procedural defects in the removal and requesting discretionary abstention under 28 U.S.C. § 1334(c)(1). A motion to strike the Remand Motion was filed on March 8, 2007. In the motion to strike, certain of the Defendants claimed that the Remand Motion was defective because the Trustee now owned the claims being asserted in the Fraudulent Transfer Suit and, therefore, an improper party (Gehan) was seeking a remand of the Fraudulent Transfer Suit.

Thereafter, in an apparent attempt to solve the alleged standing/proper party problem, the Trustee filed the Trustee's Joinder on March 23, 2007. However, the Trustee did not file a motion

to intervene or a motion to be substituted in as the plaintiff in the Fraudulent Transfer Suit. Accordingly, on April 19, 2007, a motion to strike the Trustee's Joinder was filed, asserting that the Trustee lacked standing to join in the Remand Motion because he was not a party to the Fraudulent Transfer Suit.

On March 27, 2007, a motion was filed in the District Court seeking to refer the Fraudulent Transfer Suit to the bankruptcy court. On that same day, the District Court signed an Order transferring the Fraudulent Transfer Suit to this Court.

After a failed attempt to mediate the Fraudulent Transfer Suit, this Court heard the Remand Motion, the Trustee's Joinder, and the motions to strike on June 28, 2007. At the conclusion of the hearing, the Court requested further briefing from the parties. Pursuant to an agreed-upon schedule, the last of those briefs was filed on July 16, 2007, at which time the Court took these matters under advisement.

## II.    Legal Analysis

Although procedurally messy, for the reasons explained more fully below, the Court concludes that it is appropriate to abstain from hearing the Fraudulent Transfer Suit in accordance with 28 U.S.C. § 1334 (c)(1). Alternatively, this Court will remand the Fraudulent Transfer Suit to the State Court in accordance with 28 U.S.C. § 1452(b).

### A.    Alleged Procedural Defects

Turning first to the alleged procedural defects, the Court agrees with the Defendants' technical arguments; but, for the reasons explained below, the Court concludes that those technical arguments do not preclude either abstention or equitable remand. As the Defendants correctly state, the state law fraudulent transfer claims asserted in the Fraudulent Transfer Suit are property of the

bankruptcy estate in accordance with § 541(a) of the Bankruptcy Code. Accordingly, upon the commencement of the Bankruptcy Case, Gehan had no authority to continue to prosecute the Fraudulent Transfer Suit. In fact, as the Defendants correctly state, unless leave of Court was obtained, only the Trustee could prosecute the Fraudulent Transfer Suit. It follows logically that Gehan cannot seek to remand the Fraudulent Transfer Suit if it can no longer prosecute it.

Similarly, the Defendants are correct when they assert that the Trustee, a non-party to the Fraudulent Transfer Suit, could not properly file the Trustee's Joinder in the Remand Motion. Under the Federal Rules of Civil Procedure, it is clear that *parties* are permitted to file pleadings and otherwise be heard in a civil action, but that a non-party cannot either file pleadings or be heard. This seems quite basic.

Notwithstanding how basic this is procedurally, the Trustee overlooked these niceties and filed the Trustee's Joinder in the Remand Motion before even asking to be substituted in as the proper party plaintiff in the Fraudulent Transfer Suit.[1] However, while legally correct that (i) the Remand Motion was filed by a party who no longer had the authority to prosecute the Fraudulent Transfer Suit and (ii) the Trustee's Joinder was filed by a non-party to the Fraudulent Transfer Suit, it makes no sense to grant the motions to strike for several reasons.

First, at the June 28, 2007 hearing, the Trustee was authorized to substitute in as the plaintiff in the Fraudulent Transfer Suit. Also at the June 28, 2007 hearing, the Trustee was authorized to retain, without objection, the counsel who had been representing Gehan in the Fraudulent Transfer Suit to represent the Trustee in connection with his prosecution of that suit. Because the estate has

---

[1]On June 4, 2007, the Trustee filed a motion to intervene and/or substitute (docket no. 37), pursuant to which, if granted, the Trustee would become the plaintiff in the Fraudulent Transfer Suit. The motion was heard on June 28, 2007 and granted.

no funds currently, Gehan (or its principals) will pay the costs associated with the continued prosecution of the Fraudulent Transfer Suit and the hourly fee of the Trustee's special counsel, and will be entitled to reimbursement for those reasonable costs and fees out of any recovery in the Fraudulent Transfer Suit along with a "success fee" of 20% of the net proceeds recovered.

Second, if the motions to strike are granted, the Trustee, now represented by Gehan's former counsel, will simply file his own motion to remand the Fraudulent Transfer Suit. There is no reason to delay consideration of the merits of remand. While delay may be in the Defendants' interests, it is not in the Trustee's interest or in the interest of the bankruptcy estate.

Third, the motions to strike are largely strategic. The Defendants assert that it is now too late for the Trustee to seek a remand of the Fraudulent Transfer Suit. Specifically, the Defendants assert that the 30-day time limit to file remand motions provided by 28 U.S.C. § 1447(c) is applicable here. And, according to the Defendants, if the Remand Motion and the Trustee's Joinder are stricken, it is impossible for the Trustee to file a timely motion to remand since the 30-days ran long ago.

However, this Court disagrees with the Defendants' legal contentions in this regard. Neither Bankruptcy Rule 5011 nor 28 U.S.C. § 1334(c)(1) establishes a specific time limit within which abstention motions must be filed. Motions for mandatory abstention under 28 U.S.C. § 1334(c)(2) must merely be "timely." "Whether a motion [for mandatory abstention] is timely filed depends upon a variety of factors including whether the granting of the motion would prejudice or delay the rights of others." *In re Pacor, Inc.*, 72 B.R. 927, 932 (Bankr. E.D. Pa. 1987), *aff'd* 86 B.R. 808 (E.D. Pa. 1988). Because the law allows a court considerable discretion in determining whether a motion for *mandatory* abstention is timely, the Defendants' argument that this Court should indiscriminately apply 28 U.S.C. § 1447(c)'s stringent 30-day deadline to a motion for *discretionary* abstention is

both unsupported and unpersuasive.[2]

Because (i) it is clear that the Trustee wants the Fraudulent Transfer Suit remanded to State Court for trial, (ii) it is clear that the Trustee will promptly file another motion to remand if these procedural defects cause the Remand Motion and the Trustee's Joinder to be stricken, (iii) this Court would conclude that such a further motion by the Trustee was timely,[3] and (iv) the parties have fully briefed the merits of remand, the Court will proceed to the merits, thereby avoiding a further delay that will accomplish nothing.

Finally, this Court could decide to abstain under 28 U.S.C. § 1334(c)(1) *sua sponte* if it concluded that abstention was appropriate here. *Southmark Corp. v. Coopers & Lybrand* (*In re Southmark Corp.*), 163 F.3d 925, 929 (5th Cir. 1999). Similarly, this Court could decide, *sua sponte*, to remand under 28 U.S.C. § 1452(b) if it concluded that an equitable remand was appropriate here. *Smith v. Wal-Mart Stores, Inc.*, 305 F. Supp. 2d 652, 658 n.9 (S.D. Miss. 2003).

For all of these reasons, the Court will proceed to consider the merits of remand under 28 U.S.C. §§ 1334(c)(1) and/or 1452(b).

## B. Abstention/Equitable Remand

Removal of claims related to a bankruptcy case is governed by 28 U.S.C. § 1452, which provides, as relevant here, that a party may remove any claim to the district court for the district

---

[2]The Court also notes that the 30-day deadline of § 1447(c) does not apply to equitable remand under § 1452(b), which is the alternate basis for this Court's decision to send the Fraudulent Transfer Suit back to the State Court. *Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc.* (*In re Ciclon Negro, Inc.*), 260 B.R. 832, 836-37 (Bankr. S.D. Tex. 2001).

[3]The Defendants have been on notice since at least March 23, 2007 that the Trustee intended to (i) hire Gehan's counsel to represent him in connection with the Fraudulent Transfer Suit (when the motion to retain that firm was filed), and (ii) seek a remand of the Fraudulent Transfer Suit to the State Court (when the Trustee's Joinder was filed). While the Trustee failed to proceed in a procedurally correct manner, his desired outcome comes as no surprise to the Defendants and the delay has not resulted in any prejudice to the Defendants.

where such claim is pending, if the district court has jurisdiction of such claim under 28 U.S.C. § 1334. It further provides that the court to which such claim is removed may remand it on any equitable ground. 28 U.S.C. § 1452(b). The removing parties bear the burden of establishing federal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

Thus, the first question is whether this Court has jurisdiction over the claims asserted in the Fraudulent Transfer Suit under 28 U.S.C. § 1334. In addition to "cases under title 11," which refers to the original bankruptcy petition and is not at issue here, § 1334 lists three types of proceedings over which the court has jurisdiction – those "arising under title 11," those "arising in" a case under title 11, and those "related to" a case under title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987).[4] Claims that "arise under" or "arise in" a bankruptcy case are "core" matters. *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp. 2d 596, 606 (S.D. Tex. 1999). Claims that "relate to" a bankruptcy case, but do not arise under the Bankruptcy Code or arise in a bankruptcy case are "non-core" matters. *Id*.

"Arising under" jurisdiction involves causes of action created or determined by a statutory provision of title 11. *In re Wood*, 825 F.2d at 96. "Arising in" jurisdiction is not based on a right expressly created by title 11, but is based on claims that have no existence outside bankruptcy. *Id*. at 97. "Related to" jurisdiction exists if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards,* 514 U.S. 300, 307

---

[4]The Fifth Circuit has held that "[f]or the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under,' 'arising in a case under,' or 'related to a case under,' title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *In re Wood,* 825 F.2d at 93. The distinction is relevant, however, for determining whether a proceeding is core or non-core.

n. 6 (1995); *In re Wood*, 825 F.2d at 93. The Fifth Circuit has further stated that "an action is related

to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action

(either positively or negatively) and . . . in any way impacts upon the handling and administration

of the bankrupt estate." *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995)

(internal citations omitted).

Applying these principles here, the Court concludes that it has core jurisdiction over the

Fraudulent Transfer Suit, since it involves an attempt to avoid and recover alleged fraudulent

transfers of the Debtor's assets and the outcome will affect both the administration of the estate and

the liquidation of the estate's major, if not only, asset. 28 U.S.C. § 157(b)(2)(A), (H), & (O).

Accordingly, the Fraudulent Transfer Suit was subject to being removed from the State Court in

accordance with 28 U.S.C. § 1452(a).

Despite proper removal,[5] however, the Court may still (i) abstain from hearing the Fraudulent

Transfer Suit in the exercise of its discretion under 28 U.S.C. § 1334(c)(1), *Gober v. Terra+Corp.

(In re Gober)*, 100 F.3d 1195, 1206 (5th Cir.1996), and/or (ii) remand the case on any equitable

ground under 28 U.S.C. § 1452(b). As noted by the *Regal Row* court, "[b]ecause the statutes are

similar in purpose, the circumstances which weigh in favor of discretionary abstention . . . weigh in

favor of or constrain remand under § 1452(b)." *Regal Row Fina, Inc. v. Wash. Mut. Bank, FA*, 53

Collier Bankr. Cas. 2d (MB) 882, 2004 WL 2826817, at *8 (N.D. Tex. 2004). Specifically, the *Regal*

---

[5]The Court concludes that the Fraudulent Transfer Suit was most likely properly removed, notwithstanding Gehan's and the Trustee's arguments to the contrary. In short, the Court does not believe that the so-called rule of unanimity requires all defendants to consent to removal within the time period for removal. "[B]ecause any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants." *Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) (citing *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985)). *But see Orion Refining Corp. v. Fluor Enters.*, 319 B.R. 480, 484 (E.D. La. 2004) (holding that the rule of unanimity does apply to bankruptcy removals); *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 1002 (S.D. Iowa 2001) (same).

*Row* court delineated fourteen factors that a court must consider and balance in deciding whether to

abstain and/or remand, including:

> (1) the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the . . . court's docket;
> (10) the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of non-debtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*Id*. at *8-9. The Court will analyze each of these factors in turn.

The efficient administration of the Debtor's estate is not adversely impacted by a remand of

the Fraudulent Transfer Suit. The Defendants "are ready for trial." *See* Defendants' Sur-Reply at

p. 7. So is the Trustee. While the State Court closed its case on October 27, 2006 because of the

filing of a suggestion of bankruptcy, that closing was subject to reinstatement if the stay was lifted

or if it was otherwise made clear to the State Court that it was appropriate to proceed there. An order

of remand will make it clear that the State Court may proceed to trial. While the Defendants assert

that this Court can proceed to trial more expeditiously than can the State Court, there is no evidence

to suggest that is true. This Court's trial docket is crowded with specially set matters. And, while

the Debtor's bankruptcy case cannot be closed until the Fraudulent Transfer Suit is finally

determined or settled (as it is the main asset of the estate), there is no reason to think that the

**Memorandum Opinion and Order**                                                                                           **Page 10**

Fraudulent Transfer Suit can be brought to a final conclusion more quickly here than in the State Court. In fact, as a result of the State Court's disposition of summary judgment motions and discovery disputes, it appears that the State Court is more familar with the facts and legal issues presented in the Fraudulent Transfer Suit than is this Court. This factor weighs in favor of abstention and/or equitable remand.

The Fraudulent Transfer Suit raises entirely state law issues. While this Court can hear fraudulent conveyance actions under either Texas state law or the Bankruptcy Code, the State Court is equally able to hear the state fraudulent transfer claims pending in the Fraudulent Transfer Suit. In fact, while this Court is familiar with the fraudulent conveyance laws generally, it cannot recall having ever tried a fraudulent conveyance action. This factor is neutral.

The Court is unaware of any unsettled issues of law being presented in the Fraudulent Transfer Suit. From this Court's perspective, either court is equally able to hear these claims. This factor is neutral.

The Court is unaware of any related proceedings – in either the State Court or the Bankruptcy Case. This factor is neutral.

There is no basis for jurisdiction here other than § 1334. This factor is neutral.

The Fraudulent Transfer Suit is the estate's main asset. As noted previously, at this point, it appears that the State Court has more familiarity with both the facts and the legal issues involved in the Fraudulent Transfer Suit than does this Court. And, until the Fraudulent Transfer Suit is finally determined, the Bankruptcy Case cannot be concluded. This factor is either in favor of abstention and/or equitable remand or is neutral because there is no reason to think that the claims can be liquidated more efficiently or economically here than in the State Court.

Because the only claims asserted in the Fraudulent Transfer Suit are "core" claims, severance of core claims from non-core claims is not an issue.

As noted previously, this Court's trial docket is quite busy with specially set adversary proceedings in other bankruptcy cases. By way of background, this Court currently has approximately 4,129 bankruptcy cases assigned to it and approximately 91 adversary proceedings assigned to it. Because of the large number of bankruptcy cases it presides over, this Court hears matters in its bankruptcy cases every week except during its trial week, which is the second week of every month. During trial week, this Court hears trials in adversary proceedings like the Fraudulent Transfer Suit. Given its current trial commitments in other adversary proceedings, it is unlikely that this Court could proceed to trial in the Fraudulent Transfer Suit until sometime after January 2008. This factor either weighs in favor of abstention and/or equitable remand or is neutral, as this Court is not aware of the relative burden of the State Court's case load.

The Defendants' removal of the Fraudulent Transfer Suit involves forum shopping. There appears to be no reason for the Debtor to have filed the Bankruptcy Case when it did. The Debtor has no assets other than the potential right to recover assets or their value as alleged in the Fraudulent Transfer Suit, which had been pending in State Court for three years at the time of the Debtor's bankruptcy filing. In fact, the Debtor had been dismissed from the Fraudulent Transfer Suit a few days before the Bankruptcy Case was filed. As a result of its dismissal from the Fraudulent Transfer Suit, the Debtor was not going to be affected by the outcome of that suit. If the Debtor was concerned about its other creditors, it could have filed bankruptcy much sooner, cutting off the continuing expense of defending itself in the Fraudulent Transfer Suit and ensuring that all of its creditors would benefit from the avoidance of the transfers if the avoidance action is ultimately

successful. Of course, while it was a named defendant in the Fraudulent Transfer Action, PIC denied that its assets had been fraudulently transferred. In fact, the Defendants continue to deny that they received fraudulent transfers of PIC's assets.

From this Court's perspective, it appears that the only reason the Bankruptcy Case was filed was to provide an alternative forum for the trial of the fraudulent transfer claims pending against the (non-debtor) Defendants in the Fraudulent Transfer Suit. When asked why the Defendants opposed remand, counsel advised that there were three reasons: (1) this Court could try the Fraudulent Transfer Suit more quickly, (2) this Court was more familar with fraudulent transfer actions generally, and (3) the Defendants did not want a jury trial of the fraudulent transfer claims (and the plaintiff did). For the reasons discussed previously, the Court discounts reasons (1) and (2) – *i.e.*, it is not clear that this Court (i) could try the Fraudulent Transfer Suit more quickly, (ii) is more familar with state fraudulent transfer law, or (iii) is more experienced in trying those types of claims. Removal to avoid a state court jury trial is blatant forum shopping. This factor weighs heavily in favor of abstention and/or equitable remand.

The parties agree that there is a right to a jury trial if the Fraudulent Transfer Suit is tried in State Court. This factor weighs in favor of abstention and/or equitable remand.[6]

All of the Defendants are non-debtors. And, as noted previously, the Trustee prefers a jury trial in State Court. This factor weighs in favor of abstention and/or equitable remand.

Considerations of comity favor abstention and/or equitable remand as well. The Fraudulent Transfer Suit was filed in State Court. The Trustee would prefer to litigate there. The State Court

---

[6]The Court notes, however, that neither Gehan nor the Trustee timely filed a Bankruptcy Rule 9027(e)(3) statement. If the Fraudulent Transfer Suit remained pending here, this failure would be construed as a waiver of the right to a jury trial. *Regal Row Fina, Inc.*, 2004 WL 2826817 at *9.

**Memorandum Opinion and Order** **Page 13**

presided over the suit for three years before the Bankruptcy Case was filed shortly after the parties announced ready for trial. While the Fraudulent Transfer Suit was pending in State Court, the State Court considered and ruled on summary judgment motions and discovery disputes. The State Court is more familiar with both the facts and the legal issues raised by the Fraudulent Transfer Suit as a result of these activities.

No party will be prejudiced by trial in either forum. This factor is neutral.

## III.  Conclusion

After carefully considering the relevant factors, this Court concludes that they weigh in favor of (i) abstention under 28 U.S.C. § 1334(c)(1), and/or (ii) equitable remand under 28 U.S.C. § 1452(b). Accordingly, this Court will remand the Fraudulent Transfer Suit back to the State Court.

**SO ORDERED.**

**### End of Memorandum Opinion and Order ###**